### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BELLAVIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-1382 |
| ) | |
| R. V. VEACH, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is now before the Court on Petitioner, Robert Bellavia's ("Bellavia"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the Petition [#1] is DISMISSED.

### FACTUAL BACKGROUND

In 1993, a jury in the United States District Court for the Northern District of Illinois found Bellavia guilty of racketeering conspiracy (Count I), illegal gambling conspiracy (Count II), and running an illegal blackjack gambling operation (Count VI). On August 13, 1993, he was sentenced to consecutive terms of 20 years' imprisonment on Count I, five years' imprisonment on Count II, and five years' imprisonment on Count VI, for a combined total of 30 years' imprisonment. Bellavia pursued a direct appeal to the Seventh Circuit. His conviction and sentence were affirmed.

In 1999, Bellavia filed a motion pursuant to 28 U.S.C. § 2255, in which he argued that he had received ineffective assistance of counsel. The district court denied the motion, and the Seventh Circuit declined to issue a certificate of appealability. In July 2004, Bellavia sought an order authorizing the district court to consider a successive petition for

collateral relief based on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), but the Seventh Circuit denied his request. In March 2005, he filed a petition for writ of habeas corpus with the United States Supreme Court, which was denied on May 16, 2005.

Bellavia has now brought this petition pursuant to § 2241 challenging his sentence and claiming that he is actually innocent of the enhanced penalties imposed upon him in light of the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (U.S. Jan. 12, 2005), as his sentence is based on conduct of which the jury did not find him guilty. This Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Bellavia does not challenge the circumstances of his confinement. Rather, he attacks the validity of his sentence and asks this Court to vacate his sentence. Accordingly, this Petition involves a collateral attack on Bellavia's sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Bellavia has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless first obtains permission from the Court of Appeals to bring a second or successive motion, which was denied in this case, or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241.

Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated. Id. at 611-12.

First, the Court notes that Bellavia's actual innocence argument reflects a fundamental misunderstanding of that concept, as he does not essentially admit to everything charged in the indictment, yet the conduct no longer amounts to a crime under the law, as established in Kramer v. Olson, 347 F.3d 214, 218 (7th Cir. 2003) or Taylor v. Gilkey, 314 F.3d 832, 835-36 (7th Cir. 2002). Nor does he attempt to demonstrate that he is actually innocent of the three counts on which he was convicted in the Northern District of Illinois. Instead, he attempts to argue that his sentence is constitutionally invalid because conduct of which he was not convicted was considered in calculating his sentence. This is not a valid claim of "actual innocence," but rather amounts to an argument that ignores well-established precedent holding that for purposes of sentencing, relevant conduct may include conduct for which there has been no conviction. United

States v. Masters, 978 F.2d 281, 286-87 (7th Cir. 1992); United States v. Villasenor, 977 F.2d 331, 336 (7th Cir. 1992); United States v. Duarte, 950 F.2d 1255, 1263 (7th Cir. 1991).

In addition to misunderstanding the requirements of a claim of "actual innocence", Bellavia clearly fails the first prong of In re Davenport, as he does not identify any retroactive change in the law as the basis for his claims. The Seventh Circuit has held that a decision of the Supreme Court is retroactive to second or successive cases on collateral review only if the Supreme Court expressly declares that retroactive application. Talbott v. Indiana, 226 F.3d 866, 868-69 (7th Cir. 2000); *see also*, Ashley v. United States, 266 F.3d 671, 672-73 (7th Cir. 2001). As neither Booker itself nor any other Supreme Court decision announces such retroactivity to criminal cases that became final before the release of the Booker opinion on January 12, 2005, no application based on Booker is authorized under the present circumstances. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of Bellavia's sentence because he is procedurally barred from raising claims based on Booker. Accordingly, Bellavia's § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in Davenport, he is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice.

## CONCLUSION

For the reasons stated herein, Bellavia's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. This matter is now terminated.

ENTERED this 11th day of May, 2006.

                                                    s/ Michael M. Mihm
                                                    Michael M. Mihm
                                                  United States District Judge